**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>VINCENT S. CLARDY,<br><br>                    Defendant. | Case No. 2:19-mj-00882-DJA<br><br>**ORDER** |

This matter is before the Court on Defendant Vincent S. Clardy's Motion to Dismiss (ECF No. 3), filed on December 4, 2019. The Government filed a Response (ECF No. 4) on December 9, 2019. Clardy filed a Reply (ECF No. 8) on December 19, 2019. The Court held a hearing for argument on the motion on January 8, 2020 (ECF No. 19) and took the matter under advisement. This Order follows.

**I.      BACKGROUND**

Clardy is charged in a one count Complaint with disorderly conduct in violation of 41 C.F.R. §102-74.390. (ECF No. 1). The Government alleges that Clardy engaged in disorderly conduct in the Clerk's Office and the United States Marshals Service's office in the Lloyd D. George United States Courthouse ("courthouse") by yelling obscenities, racist and abusive language, and forcing Deputy United States Marshals to physically lift him and carry him out of the courthouse. (*Id*).

According to the Complaint[1], Clardy entered the courthouse and went to the Clerk's Office. Once there, he began yelling various obscenities at the intake clerk because he felt he was not given the proper paperwork to file a civil case. In an attempt to assist Clardy, a Court

---

[1] The facts outlined in the following two paragraphs are taken from the Complaint (ECF No. 1).

Security Officer spoke with the front desk intake clerk asking the clerk to get Clardy whatever paperwork he needed. As the clerk was attempting to print paperwork he thought Clardy needed, Clardy again began to use abusive, foul language and racial slurs, at which point the Court Security Officer radioed for United States Marshals' assistance. Shortly thereafter, United States Marshals and Federal Protective Service officers arrived at the Clerk's Office. Clardy became very upset and again used inappropriate language, cussing and using racial slurs toward the U.S. Marshals. The U.S. Marshals Service employees made several attempts to calm Clardy down, but he remained belligerent.

Due to his belligerence, Clardy was instructed to leave. He refused. At this point, officers restrained and handcuffed Clardy and escorted him to a cell block in the United States Marshals' office to remove him from the public intake area of the Clerk's Office. Clardy was then cited for disorderly conduct and provided with paperwork and an explanation as to how to handle the citation. Clardy refused to sign the citation and began to yell vulgarities at the marshal. The marshal responded by telling Clardy he was free to go. Clardy refused to leave and lay down on the ground and made his body limp. Four deputy United States Marshals were required to pick Clardy up and place him in a wheelchair and escort him out of the building.

Clardy moves to dismiss the Complaint setting forth four arguments: (1) that the statute under which he is charged is unconstitutionally facially vague; (2) that it is unconstitutionally vague as it is applied to Clardy's conduct; (3) that it is overbroad; and finally, (4) that it is a constitutionally excessive delegation of legislative authority. (ECF No. 3). The Government responds that the statute is neither vague facially nor as applied to Clardy. (ECF No. 4). The Government further argues that the statute is not overbroad. (*Id*). Finally, the Government responds that the regulation is an appropriate exercise of an executive authority under the Property Clause of the Constitution. (*Id*). Clardy replies that the statute is vague as applied despite the four types of conduct listed in the statute and that it is facially vague despite two unpublished opinions deciding otherwise. (ECF No. 8). Likewise, he contends that the statute is overbroad despite the Government's citation to a case ruling to the contrary. (*Id*). Finally, Clardy

argues that the statute is an unconstitutionally excessive delegation of legislative authority despite the Government's authority under the Property Clause. (*Id*).

At the hearing held before the Court on the motion to dismiss, the parties argued essentially what was contained in their pleadings. (ECF No. 19). Of note, Clardy submitted his argument regarding the delegation of authority on the briefing and provided no further oral argument on that issue. (*Id*).

## II.  DISCUSSION

### A. The Regulation Charging Clardy with Disorderly Conduct Is Neither Vague on Its Face Nor as Applied to Clardy's Facts.

The relevant regulation, 41 C.F.R. §102-74.390, provides:

All persons entering in or on federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that –

(a) Creates loud or unusual noise or a nuisance;

(b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots;

(c) Otherwise impedes or disrupts the performance of official duties by government employees; or

(d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner.

41 C.F.R. §102-74.390.

In *United States v. Lawrence*, 775 F.App'x 703, 704 (9th Cir. 2019), the Ninth Circuit utilized the doctrine of constitutional avoidance to find that subsections (a) through (d) modified all three types of conduct cited in the regulation: loitering, disorderly conduct, and other conduct. The Complaint alleges that Clardy engaged in disorderly conduct by "yelling obscenities, racist and abusive language, and forcing Deputy United States Marshals to physically lift him and carry him out of the courthouse". (ECF No. 1 at p. 1). Given these allegations, the Government argues it is charging Clardy with "disorderly conduct" rather than the "other" conduct category. The probable cause affidavit for the Complaint makes more specific factual allegations regarding Clardy's behavior, which again fit under the same disorderly conduct category.

1 Clardy argues that the words "loitering," "disorderly conduct," and "other" would serve no purpose if subsections (a)-(d) apply equally to all three. (ECF No. 3). As such, he contends that Congress must have intended only subsections (a)-(d) to apply just to define "other" conduct. Clardy claims that he is charged with "disorderly conduct" and not the other conduct term. As disorderly conduct is not defined in the regulation, under Clardy's theory that (a)-(d) do not apply to disorderly conduct, then he contends that the regulation does not give fair notice and it is vague as applied to him. Alternatively, Clardy argues that the phrase "disorderly conduct" is facially vague because there is no specific definition in the regulation so there is no objective standard of conduct.

The Court is not persuaded by Clardy's interpretation as it requires the Court to contort the statutory text beyond what is plausible, especially when there is a reasonable alternative. Indeed, the Court agrees with the Ninth Circuit's interpretation in *Lawrence* and finds that the statute is not unconstitutionally vague pursuant to the doctrine of constitutional avoidance, such that the statute must be interpreted to avoid constitutional difficulties. 775 F.App'x 703. It finds that subsections (a)-(d) do identify the four types of conduct that fall within the "disorderly conduct" category and those subsections do not just apply to "other" conduct. Therefore, the facial vagueness challenge is not successful as the conduct is clearly proscribed in the statutory text.

Clardy's as applied challenge similarly fails because it is clear to any reasonable person that threatening a court employee and marshals with loud, vulgar language constitutes disorderly conduct. Indeed, any reading of "disorderly conduct" would encompass Clardy's profane language and bodily actions. Therefore, his as-applied challenge is also rejected by the Court and the Court finds that the regulation is not unconstitutionally vague.

**B. The Regulation is Not Overbroad**.

Clardy argues that because the definition of "disorderly" may vary from one person to the next, it risks being arbitrarily enforced. He claims that it assigns criminal liability by mere reference to conduct considered disorderly thereby making the statute invalid as constitutionally overbroad. (ECF No. 3, p. 8). As the Court has found that the "disorderly conduct" category is

limited to conduct within one of the enumerated subsections, Clardy's overbreadth argument also fails.

Clearly, Congress has the authority to regulate non-speech conduct in a federal courthouse. *See, e.g., United States v. Gilbert*, 813 F.2d 1523, 1529 (9th Cir. 1987); *United States v. Stansell*, 847 F.2d 609, 614 (9th Cir. 1988). "Rarely, if ever, will an overbreadth challenge succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)." *Virginia v. Hicks*, 539 U.S. 113, 124, 12 S.Ct. 2191, 156 L. Ed.2d 148 (2003); *see also United States v. Brice*, 926 F.2d 925, 931 (9th Cir. 1991).

Moreover, as the *Brice* court noted, incidental restrictions on freedom of speech are not constitutionally invalid when prohibited conduct has both speech and non-speech elements and Congress has the authority to regulate the non-speech conduct. 926 F.2d at 930. While using profanity can be protected speech, that does not render the statute in question here unconstitutionally overbroad because a portion of the statute regulates profanity and yelling obscenities. Here, the Court finds that the restriction on Clardy's speech was at most incidental. As such, the Court will not find the statute unconstitutionally overbroad and will deny Clardy's motion to dismiss on this basis.

**C. The Regulation is Not a Constitutionally Excessive Delegation of Legislative Authority**.

Finally, Clardy argues that the statute under which he is charged is a constitutionally excessive delegation of legislative authority. Clardy appears to argue that the charge should be dismissed because by enacting the regulation, the Executive Branch overstepped its authority without any oversight from Congress. (ECF No. 3, p. 10). Clardy provides little authority or analysis for this rather novel argument, and indeed submitted this issue on the briefs at the time of oral argument. The Court does not find Clardy's argument persuasive.

41 C.F.R. §102-74.390 falls squarely within the Executive Branch's authority to regulate conduct on its property. The Executive Branch of the federal government may, under the Property Clause of the Constitution, promulgate regulations to protect its property. U.S. Const.

Art. 4, § 3; *see, e.g, United States v. Bohn*, 622 F.3d 1129, 1134 (9th Cir. 2010) (quoting *Kleppe v. New Mexico,* 426 U.S. 529, 541-42 (1976)).  It is well settled law that these regulations can provide criminal penalties so long as the empowering statute provides that a violation of that regulation is a crime.  *See United States v. Alghazouli*, 517 F.3d 1179, 1185 (9th Cir. 2008) (citing *United States v. Grimaud*, 220 U.S. 506, 519 (1911); *see also Loving v. United States*, 517 U.S. 748, 768 (1996)).

Under 40 U.S.C. §1315, the Secretary of the Department of Homeland Security, in partnership with the Administrator of the United States General Services Administration, are empowered to regulate conduct at GSA-managed federal facilities.  The statute specifically provides for the criminalization of behavior that violates these regulations.  40 U.S.C. §§ 1315(c)(1-2).  The regulation itself limits the available penalty to that set forth in the statute.  41 C.F.R. §102-74.450.  Thus, despite the existence of a criminal penalty for violating 41 C.F.R. §102-74.390, its promulgation does not constitute an unauthorized delegation of legislative authority.  For these reasons, Clardy's motion to dismiss the charge because the regulation is a constitutionally excessive delegation of legislative authority is denied.

**III.    CONCLUSION**

IT IS HEREBY ORDERED that Defendant Vincent Clardy's Motion to Dismiss (ECF No. 3) is **denied**.

DATED: May 12, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE